**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Luke W. Sironski-White (State Bar No. 348441)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ltfisher@bursor.com
        lsironski@bursor.com

**BURSOR & FISHER, P.A.**
Joshua D. Arisohn*
888 Seventh Avenue
New York, NY  10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
Email: jarisohn@bursor.com

*Attorneys for Plaintiff*

*\*Pro Hac Vice forthcoming*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUMATRA KENDRICK, individually and on behalf of all others similarly situated,<br><br>                                      Plaintiff,<br>      v.<br><br>BISSELL, INC.,<br><br>                                      Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br><u>JURY TRIAL DEMANDED</u> |

CLASS ACTION COMPLAINT

Plaintiff Sumatra Kendrick ("Plaintiff"), brings this action against Defendant Bissell, Inc. ("Defendant" or "Bissell"), individually and on behalf of all others similarly situated. Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to allegations specifically pertaining to herself and her counsel, which are based on personal knowledge.

**NATURE OF THE ACTION**

1.      This is a class action suit brought against Defendant Bissell, Inc. for surreptitiously monitoring and recording the telephonic communications between consumers and its customer service representatives without first providing notice or obtaining the customer's consent.

2.      Bissell is an American vacuum cleaner and floor care products manufacturer, the largest in the country by market share.

3.      As a hardware manufacturer and retailer, Defendant often provides support to customers over the phone. Defendant monitors and records these interactions. What Defendant fails to do, however, is disclose this fact to customers at the beginning of the interaction.

4.      Because Defendant fails to disclose to consumers that it is recording telephonic communications at the outset of the call, Defendant violated and continues to violate the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code §§ 632 and 632.7.

5.      Both Penal Code §§ 632 and 632.7 play important roles in protecting the privacy of California residents. Secret monitoring and recording denies the customer an important aspect of privacy of communication – the right to control the nature and extent of the information they disclose.

6.      Plaintiff brings this action on behalf of herself and a class of all persons whose telephonic communications were surreptitiously recorded by Defendant.

**PARTIES**

7.      Plaintiff Sumatra Kendrick is a California citizen and resident, residing in Rodeo, California. Ms. Kendrick is domiciliary of California.

8.      Defendant Bissell, Inc. is a Michigan company headquartered in Walker, Michigan. Bissell was founded in 1876 and designs and manufactures vacuum cleaners, carpet shampooers,

CLASS ACTION COMPLAINT                                                                                          1

and other floor care products.  Defendant markets and sells its products in all 50 states, including California.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and at least one member of the proposed class is citizen of state different from Defendant.

10. This Court has personal jurisdiction over Defendant because Defendant has purposefully availed itself of the laws and benefits of doing business in this State, and Plaintiff's claims arise out of each of the Defendant's forum-related activities.  Furthermore, a substantial portion of the events giving rise to Plaintiff's claims occurred in this District.

11. Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District.

## FACTUAL ALLEGATIONS

12. Bissell, Inc. is a privately owned vacuum cleaner and floor care product manufacturer.  Bissell was founded in 1876 by Melville Bissell, who invented the first carpet sweeper.  The company is the number one manufacturer of floor care products in North America in terms of sales, with 20% market share and revenue of over $800 million.

13. As with any large corporation, Defendant must field customer inquiries and provide support for issues that may arise with its products.  To that end, Defendant supplies two separate customer service numbers for consumers to call: 1-800-237-7691 and 1-844-383-2630.

14. Upon dialing either of these numbers, customers are greeted with the following automated message:

> Privacy is important to us.  We only use your information to improve our products, services, and your experience.  To view our privacy policy, please visit our website.

15. Customers are then patched through to an automated or live customer service agent,

who makes no further disclosures. As such, customers have a reasonable expectation of privacy with regard to any information that they divulge on the call, including personally identifying information or information about their transaction history with Defendant because they are not told that the call is being recorded and Bissell never obtains consent from them.

16. What the automated message and the live agent fail to disclose is that, in fact, the conversation between the customer and the agent is being surreptitiously recorded, including through the use of software provided by Five9, Inc ("Five9").

17. Defendant admits on its website that it records these phone calls:

**What personal information do we collect, from where, and how do we use it?** We collect information that identifies, relates to, describes, references, is capable of being associated with, or could reasonably be linked, directly or indirectly, with a particular consumer or device ("personal information"). We collect this personal information from various sources. We may use or disclose the personal information we collect for one or more business purposes. In particular, we have collected the following categories of personal information from consumers within the last twelve (12) months:

| Category | Source | Business Purpose(s) |
|---|---|---|
| **H. Sensory data** (e.g. Indoor air quality data on air care products, dirty water tank, mapping data, floor type, ambient light, connected device navigation data; customer service telephone call recordings) | • Directly from you. For example, you may give us your personal information by filling in forms, products you purchase, or by corresponding with us by mail, phone, fax, email or in-person. | • To provide, support, personalize, develop, and improve our website, products, and services.<br>• To personalize your website experience and to deliver content and product and service offerings relevant to your interests, including targeted offers and ads through our websites, third-party sites, and via email or text message (with your consent, where required by law).<br>• To provide you with information, products or services that you request from us.<br>• To carry out our obligations and enforce our rights arising from any contracts entered into between you and us, including for billing and collections.<br>• As described to you when collecting your personal information. |

18. Defendant records and monitors customer calls through a cloud-based software platform developed by Five9, Inc., and potentially other platforms as well.

19. Five9's software comprises a suite of tools which are focused on streamlining call centers and allowing companies to monitor and analyze customer-agent interactions. For example, Five9's software allows for scripting of IVRs (interactive voice responses), the automated system which allows customers to "speak" with an artificial agent which then routes them to the

1    appropriate live-person agent.  The software also records agents' screens while they interact with
2    customers, and records the contents of the calls themselves as they occur.
3        20.    Defendant deliberately implemented the call recording and monitoring features of
4    Five9's software in an effort to improve the quality of customer service interactions.
5        21.    In a blog post by Five9 about Bissell's incorporation of the Five9 software into its
6    customer service protocol, Five9 writes "BISSELL has found additional benefits by easily sharing
7    customer feedback about its mobile app with its developers.  *Developers could hear how*
8    *consumers were reacting through the call and screen recordings*, which was a source of input
9    BISSELL didn't previously have" (emphasis added).
10       22.    As the post makes clear, Defendant deliberately monitored and recorded customer
11   phone calls, yet Defendant fails to provide notice to customers that this is occurring or to otherwise
12   obtain their consent to be recorded.
13       23.    In or about June 2022, Ms. Kendrick called one of Defendant's customer service
14   numbers for help with her Bissell vacuum, using her cell phone.  The phone call took place from
15   Ms. Kendrick's home in Rodeo, California.  During the call, Ms. Kendrick was never told that the
16   call was being recorded and she never consented to that recording.
17       24.    Because it was not disclosed to Ms. Kendrick that the call was being recorded, Ms.
18   Kendrick reasonably expected that her communications with Defendant and its agent during the
19   call were not being recorded and were therefore "confidential" as defined by California Penal Code
20   § 632(c).
21       25.    On information and belief, Defendant was, in fact, recording Ms. Kendrick's call
22   and captured the entire contents of her communications with the automated agent and the live agent
23   using Five9's software.
24       26.    Defendant's policy of monitoring and recording calls without informing customers
25   is a uniform practice and occurs anytime a customer has a phone call with Defendant.
26                              **CLASS ALLEGATIONS**
27       27.    **Class Definitions.**  Plaintiff Sumatra Kendrick brings this action pursuant to Rule
28   23(a) of the Federal Rules of Civil Procedure on behalf of a class of similarly situated individuals,

CLASS ACTION COMPLAINT                                                                            4

defined as follows (the "Section 632 Class"):

> All individuals who, while physically present in California, participated in an inbound or outbound telephone call with Bissell, Inc. or one of its agents.

28. Plaintiff also seeks to represent a class, defined as follows (the "Section 632.7 Class"):

> All individuals who, while physically present in California and using a cellular telephone, participated in an inbound or outbound telephone call with Bissell, Inc. or one of its agents.

29. Specifically excluded from the Classes are Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by the Defendant, and its heirs, successors, assigns, or other persons or entities related to or affiliated with the Defendant and/or Defendant's officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

30. **Numerosity.** Members of the Classes are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Classes number in the thousands. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

31. **Commonality.** Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to:

(a) Whether Defendant has a policy and practice of recording and/or monitoring telephone conversations with customers;

(b) Whether Defendant notifies customers that it is recording them;

(c) Whether Defendant obtains a customer's consent to be recorded at the outset of the telephone call;

(d) Whether Defendant instructed its agents to record and monitor calls without

disclosing to customers that they were doing so;

(e) Whether Defendant has violated the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 632 and invaded Plaintiff and the Class's privacy rights in violation of the California Constitution;

(f) Whether Defendant has violated the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 632.7;

(g) Whether Plaintiff and the Classes are entitled to injunctive relief under Cal. Penal Code § 637.2(b) to enjoin or restrain Bissell from committing further violations of Cal. Penal Code §§ 632 and 632.7.

(h) Whether class members are entitled to actual and/or statutory damages for the aforementioned violations.

32. **Typicality.** The claims of the named Plaintiff are typical of the claims of the Class because the named Plaintiff, like all other class members, called Bissell's customer service line using her cell phone and had her communications recorded without her consent.

33. **Adequacy.** Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

34. **Superiority.** The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents the potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class

CLASS ACTION COMPLAINT                                                                                                6

treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

35. Plaintiff brings all claims in this action individually and on behalf of members of the Classes against Defendant.

## COUNT I
### Violation of Cal. Penal Code § 632

36. Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein.

37. Plaintiff brings this Count individually and on behalf of the members of the putative Section 632 Class.

38. California Penal code § 632(a) provides, in pertinent part:

> A person who, intentionally and without the consent of all parties to a confidential communication, uses [a] … recording device to … record the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a telegraph, telephone, or other device, except a radio, shall be punished by a fine not exceeding two thousand five hundred dollars ($2,500) per violation.

39. A defendant violates Section 632 unless it can show it had the consent of <u>all</u> parties to a communication prior to the moment the recording was made.

40. Defendant, using computer software, intentionally monitored and recorded the telephonic communications between itself and its agents on the one hand and Plaintiff and other members of the Classes on the other.

41. At no time did Defendant or any of its agents inform Plaintiff or the members of the Classes that the recording of their telephonic communications was taking place and at no time did Plaintiff or the members of the Classes consent to this activity.

42. These communications were "confidential communications," as that term is used in Section 632, because Plaintiff and class members had objectively reasonable expectations of privacy with respect to any personal or financial information they disclosed during the course of those communications.

43. Defendant has therefore violated Cal. Penal Code § 632(a) by intentionally

recording Plaintiff and the members of the Classes' telephonic communications without first notifying them or obtaining their consent.

44. Accordingly, Plaintiff and the members of the Classes have been injured by Defendant's conduct and, pursuant to Cal. Penal Code § 632, each seek damages of $5,000 per violation.

## COUNT II
## Violation of Cal. Penal Code § 632.7

45. Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein.

46. Plaintiff brings this Count individually and on behalf of the members of the putative Section 632.7 Class.

47. California Penal Code § 632.7(a) prohibits the same conduct as described in Section 632, but extends this prohibition to communications involving a cellular telephone.

48. Though similar, Cal. Penal Code § 632 and § 632.7 are not duplicative and protect separate rights.

49. Cal. Penal Code § 632.7 grants a wider range of protection to conversations where one participant uses a cellular phone or cordless phone because it does not have the "confidential communication" requirement of Cal. Penal Code § 632.

50. A defendant violates Section 632.7(a) unless it can show it had the consent of all parties to a communication prior to the moment the recording was made.

51. Defendant, using computer software, intentionally monitored and recorded the telephonic communications between Plaintiff, and the members of the Section 632.7 Class, and its agents.

52. At no time did Defendant or any of its agents inform Plaintiff or the members of the Section 632.7 Class that the recording of their telephonic communications was taking place and at no time did Plaintiff or the members of the Section 632.7 Class consent to this activity.

53. Defendant has therefore violated Cal. Penal Code § 632.7(a) by intentionally recording Plaintiff or the members of the Section 632.7 Class's telephonic communications without

first notifying them or obtaining their consent.

54. Accordingly, Plaintiff and the members of the Section 632.7 Class have been injured by Defendant's conduct and, pursuant to Cal. Penal Code § 637.2, each seek damages of $5,000 per violation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Bissell, as follows:

a. For an order certifying the putative Classes and naming Plaintiff as the representative of the classes, and Plaintiff's attorneys as Class Counsel to represent the putative Classes;

b. For an order declaring that the Defendant's conduct violates the statutes referenced herein;

c. For an order finding in favor of Plaintiff and the putative Classes on all counts asserted herein;

d. For statutory damages in amounts to be determined by the Court and/or jury;

e. For prejudgment interest on all amounts awarded;

f. For injunctive relief as pleaded or as the Court may deem proper; and

g. For an order awarding Plaintiff and the putative Classes their reasonable attorneys' fees and expenses and costs of suit.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all claims so triable.

Dated: March 6, 2023         **BURSOR & FISHER, P.A.**

By:   /s/ *L. Timothy Fisher*
         L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
Luke W. Sironski-White (State Bar No. 348441)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455

Facsimile:  (925) 407-2700
E-mail: ltfisher@bursor.com
   lsironski@bursor.com

**BURSOR & FISHER, P.A.**
Joshua D. Arisohn*
888 Seventh Avenue
New York, NY  10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
Email: jarisohn@bursor.com

*Attorneys for Plaintiff*

**Pro Hac Vice forthcoming*